# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

PEGGY CARSON,

    Plaintiff,

v.

LAURA WAYER, et al.,

    Defendants.

No. 4:15-CV-507 RLW

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion to Dismiss (ECF No. 6). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Peggy Carson ("Plaintiff") was the mother of Clay Carson ("Clay"), an adult who suffered from severe mental retardation and other conditions. (Petition for Wrongful Death ("Complaint" or "Compl."), ECF No. 4, ¶¶4, 5). Clay resided at the St. Charles Rehabilitation Center in St. Charles, Missouri and was in the custody of the Missouri State Department of Mental Health before his death. (Compl., ¶¶4, 6). Clay was mentally incapacitated within in the meaning of Missouri law. (Compl., ¶5). Defendant Laura Wayer was employed as the Superintendent at the St. Charles Habilitation Center. (Compl., ¶7). Defendant Mary Watts was employed as the Unit Manager at the St. Charles Habilitation Center. (Compl., ¶8).

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Clay was placed under the care of the St. Louis Developmental Disabilities Treatment Center ("SLDDTC"). (Compl., ¶13). Clay failed to receive treatment and care for his retardation and illnesses at the SLDDTC and was denied medical care when he suffered serious and life threatening injuries. (Compl., ¶15). Clay was injured on or about February 9, 2012 and died on or about February 11, 2012. (Compl., ¶¶20, 24). John Does #1-3 exercised supervisory authority over the operations and employees where Clay lived. (Compl., ¶9). John Doe #4 and John Doe #5 were hired and retained by SLDDTC as "Developmental Assistants" or supervisors. (Compl., ¶¶17-19). John Doe #4 and John Doe #5 failed to report or take any action concerning injuries suffered by Clay on or about February 9, 2012, and such actions directly lead to the death of Clay. (Compl., ¶20). Further, John Doe #4 and John Doe #5 covered up their knowledge of Clay's injuries by cleaning up physical evidence and altering written records. (Compl., ¶¶21, 22).

Plaintiff alleges a wrongful death claim against all defendants (Count I), a claim for negligent hiring against Wayer, Watts, and John Does #1-3 (Count II), a claim for negligent retention against Wayer, Watts, and John Does #1-3 (Count III), a claim for negligent supervision against Wayer, Watts, and John Does #1-3 (Count IV), and a claim under §§1983, 1988 against all defendants for violation of Clay's substantive due process rights (Count V).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036,

1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Official Immunity

"Under the doctrine of official immunity, public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but may be held liable for torts committed when acting in a ministerial capacity." *Shell v. Ebker*, No. 4:04-CV-1817 CAS, 2006 WL 1026982, at *10 (E.D. Mo. Apr. 14, 2006) (citing *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo.1985) (en banc). "Official immunity does not apply, however, to discretionary acts done in bad faith or with malice." *Shell*, 2006 WL 1026982, at *11 (citing *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo.1986)); *see also Brown v. City of Golden Valley*, 574 F.3d 491, 500 (8th Cir. 2009) (internal citation omitted) ("When an official is exercising such discretionary functions, official immunity applies unless a willful or malicious wrong is committed."). An allegation of "malicious motive or purpose or of conscious wrongdoing" is sufficient under Missouri law to preclude application of the official immunity doctrine. *See Twiehaus*, 706 S.W.2d at 447.

Defendants claim that Counts I, II, III, and IV are barred by official immunity. Defendants maintain that claims for wrongful death, negligent hiring, negligent retention and negligent supervision are barred by official immunity because they are discretionary functions. (ECF No. 7 at 3-4). In response, Plaintiff argues that "[a]ctions with respect to the hiring, retention, and supervision of employees could be either discretionary or ministerial depending on the policies and rules of the institution." (ECF No. 10 at 3). As a result, Plaintiff argues that official immunity cannot be granted at this stage of the litigation. (ECF No. 10 at 3-4).

Here, Plaintiff has alleged that the Clay died as result of Defendants failing to take any action regarding Clay's injuries and covering up their knowledge of his injuries. The Court finds that Plaintiff has alleged sufficient malice, or conscious wrongdoing, to preclude application of official immunity at this stage of litigation. *See Twiehaus,* 706 S.W.2d at 447. Therefore, the Court will deny Defendants' Motion to Dismiss Counts I, II, III, and IV based upon official immunity.

## II. Count V

Defendants maintain that Plaintiff's §1983 claim against Wayer and Watts should be dismissed because Plaintiff purports to allege liability based upon Wayer's and Watts' supervisory roles. (ECF No. 7 at 5); *see Ottman v. City of Independence, Mo.,* 341 F.3d 751, 761 (8th Cir. 2003) ("A supervisor cannot be held liable for an employee's unconstitutional actions based on a theory of respondeat superior."). In response, Plaintiff argues that she has alleged that all defendants knowingly allowed Clay "to suffer life threatening injuries without receiving medical care, that such actions were done with deliberate and conscious indifference to his rights, and that such conduct shocks the conscience." (ECF No. 10 at 4).

Given the early stage of the litigation, the Court finds that Plaintiff has alleged a §1983 action against Wayer and Watts. It appears that Plaintiff is trying to allege that Wayer and Watts knew of the unconstitutional behavior of their subordinates but turned a blind eye to the constitutional violations. Based upon this understanding, the Court finds that Plaintiff states a claim under §1983 against Wayer and Watts due to their inaction. *See Ottman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003) ("a supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation"). Therefore, the Court denies the Motion to Dismiss as to Count V.

### III. Alleging Sufficient Facts

Finally, Defendants assert that Plaintiff's Complaint fails to allege facts establishing any claim against Defendants but instead are mere "threadbare recital[s]" of the elements of each claim. (ECF No. 7 at 6). Given the early stage of this litigation, the Court finds that Plaintiff has sufficiently alleged claims against Defendants. Therefore, the Court denies Defendants' Motion to Dismiss all claims on this basis.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **DENIED**.

Dated this 27th day of May, 2015.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**